# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

DEBBIE MALONEY, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

Case No.: 16-cv-401

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Debbie Maloney is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely cellular telephone services.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6.      Defendant Diversified Consultants, Inc. ("DCI") is a foreign corporation with its principal place of business located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida 32256.

7.      DCI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      DCI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. DCI is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9.      Plaintiff entered into a consumer transaction with "AT&T" for cellular telephone service.

10.     On or about May 25, 2014, DCI mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to AT&T. A copy of this letter is attached to this complaint as Exhibit A.

11.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.     Upon information and belief, Exhibit A is the first letter that DCI sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13.     Exhibit A includes the FDCPA debt validation notice. 15 U.S.C. § 1692g(a).

14.     Exhibit A includes the following text:

*If you feel you are or have been a victim of Theft of Identity, please call AT&T at 877-844-5584.*

15.     Exhibit A is confusing and misleading to the unsophisticated consumer.

16.     15 U.S.C. § 1692g(a)(4) states:

  (a) Notice of debt; contents

2

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> …
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

17. If a consumer is a victim of identity theft and therefore, does not owe all or part of the alleged debt, the consumer disputes the debt.

18. A written dispute based upon identity theft should be directed to the debt collector.

19. Upon receiving a written dispute from a consumer within the 30-day debt validation period, the FDCPA requires the debt collector to contact the creditor and obtain verification of the debt before conducting any further collection efforts. 15 U.S.C. § 1692g(b):

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

3

20. <u>Exhibit A</u> explicitly directs a subset of disputes – identity theft – to AT&T, and further directs the consumer to "call AT&T," instead of sending a written dispute to DCI.

21. BCC's language contradicts, overshadows and confuses the 15 U.S.C. § 1692g notice.

22. Disputes directed to persons other than the debt collector are not sufficient to invoke the consumer's rights under 15 U.S.C. § 1692g, and therefore, these statements violate 15 U.S.C. § 1692g. *See* 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."); *Green v. Universal Fidelity L.P., et al.*, No. 13-cv-1119-LA, slip op. at 5-6 (E.D. Wis. Jun. 19, 2014) (order denying motion to dismiss when letter directed disputes to the creditor); *Macarz v. Transworld Systems*, 26 F. Supp. 2d 368 (D. Conn. 1998); *Blair v. Collectech Systems*, 97-C-8630, 1998 WL 214705, 1998 U.S. Dist. LEXIS 6173 (N.D. Ill. 1998); *Rosenburg v. Transworld Sys.*, 2000 U.S. Dist. LEXIS 5486 (N.D. Ill. Apr. 13, 2000); .

23. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

25. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

4

27. Exhibit A directs the recipient to "call AT&T" to raise a dispute relating to identity theft, instead of submitting a written dispute to DCI.

28. An oral, telephonic dispute made to AT&T would not invoke the consumer's rights under 15 U.S.C. § 1692g(b).

29. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

## CLASS ALLEGATIONS

30. Plaintiff defines the class as Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes (d) that was allegedly owed to AT&T, (e) on or after March 31, 2015, (f) that was not returned by the postal service..

31. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

32. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

33. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

5

## JURY DEMAND

36. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 31, 2016

                        **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com